ELECTRONICALLY FILED
2021 May 03 PM 1:31
Anthony P. Vivo, CLERK OF COURT - MAHONING

IN THE COURT OF COMMON PLEAS
MAHONING COUNTY, OHIO

| | | |
|---|---|---|
| Ralph Stoddard<br>223 Hamrock Dr.<br>Campbell, OH 44405<br><br>Plaintiff,<br><br>v.<br><br>URSA Major Corporation d/b/a<br>URSA Logistics<br>P.O. Box 1166<br>Waukesha, WI 53187-1166<br><br>-and-<br><br>Evo Transportation and Energy Services<br>2075 W Pinnacle Peak Rd. Ste 130<br>Phoenix, AZ 85027-1218<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT**<br><br>- **FMLA INTERFERANCE**<br>- **FMLA RETALIATION**<br><br>**JURY DEMAND ENDORSED HEREON**<br><br>**INSTRUCTIONS FOR SERVICE** |

NOW COMES Plaintiff Ralph Stoddard ("Plaintiff") by and through undersigned counsel, and states the following:

1. Plaintiff is an individual residing at 223 Hamrock Drive Campbell, Mahoning County, Ohio.

2. Defendant EVO Transportation and Energy Services, Inc. ("Evo") is a corporation operating in Mahoning County, Ohio.

3. Defendant EVO is the successor-in-interest to URSA Major Corporation d/b/a URSA Logistics ("URSA"), a trucking company that provides specialized contract transportation for the United States Postal Service.

4. In or around August 2017, Plaintiff entered into an employment relationship with Defendant URSA as a truck driver.

5. Plaintiff's job responsibilities primarily involved delivering mail from one United States Postal Service sorting facility to another USPS facility.

6. Because Plaintiff drove a commercial motor vehicle, Plaintiff was required to pass regular Department of Transportation ("DOT") physical examinations.

7. In or around February 2019, Plaintiff was diagnosed with hypertension.

8. Plaintiff was advised by his physician that he needed to do a medical leave of absence in order for him to undergo treatment for hypertension, a "serious health condition" pursuant to the FMLA.

9. From February 1, 2018 to February 1, 2019, Plaintiff worked more than 1,250 hours for URSA.

10. Plaintiff was eligible to take leave pursuant to the Family and Medical Leave Act ("FMLA").

11. In or around March 2019, URSA approved Plaintiff's request for FMLA leave from March of 2019 through May of 2019.

12. During Plaintiff's FMLA leave, Plaintiff was party to a minor motor vehicle accident.

13. Plaintiff advised URSA of the motor vehicle accident and further advised URSA that he was not injured, and he would be able to return to work on the expected date.

14. On or about May 15, 2019, Plaintiff obtained his fitness-for-duty certification and submitted it to URSA.

15. URSA refused to restore Plaintiff to his prior position or an equivalent position until Plaintiff obtained additional medical clearance unrelated to his "serious health

condition." More specifically, URSA requested that Plaintiff provide a fitness-for-duty certification relating to the minor motor vehicle accident.

16. Plaintiff's DOT regular physical examination needed to be completed by June 2019.

17. Accordingly, Plaintiff went for the DOT physical examination on June 4, 2019 with the understanding that the comprehensive exam would also serve as proof of his fitness-for-duty certification relating to his motor vehicle accident.

18. Plaintiff mailed the DOT physical examination certification to URSA.

19. Plaintiff attempted to contact URSA on multiple occasions for a work assignment/schedule.

20. URSA was unresponsive to Plaintiff's communications.

21. URSA refused to restore Plaintiff to his same position or to an equivalent position to the position he held prior to taking FMLA leave.

22. Sometime in early 2021, after refusing to restore Plaintiff's employment for a period of at least eight (8) months, eventually URSA formally terminated Plaintiff's employment relationship with URSA.

### COUNT I – FMLA INTERFERENCE

23. Plaintiff restates each of the foregoing allegations set forth in Paragraphs 1-23, as if fully rewritten herein.

24. Pursuant to 29 U.S.C. 2601, *et seq.*, Plaintiff was eligible to take FMLA leave for his "serious health condition."

25. URSA granted Plaintiff's request to take FMLA leave from February of 2019 until May of 2019.

26. Plaintiff first obtained a fitness-for-duty certification on or about May 15, 2019 and submitted it to URSA.

27. URSA refused to restore Plaintiff to his position or an equivalent position, claiming that Plaintiff needed to provide an additional fitness-for-duty certification because of his minor motor vehicle accident.

28. Pursuant to 29 CFR 825.312(b), "an employer may seek a fitness-for-duty certification only with regard to the particular health condition that caused the employee's need for FMLA leave."

29. By requiring a comprehensive fitness-for-duty certification, rather than a fitness-for-duty certification with regard to Plaintiff's hypertension, URSA interfered with Plaintiff's rights pursuant to the FMLA.

30. Plaintiff next obtained a comprehensive DOT physical exam on or about June 4, 2019 and submitted it to URSA.

31. URSA refused to restore Plaintiff to his position or an equivalent position, claiming that he had failed to comply with their request to receive a DOT certification and/or fitness-for-duty certification.

32. Plaintiff provided two additional, unsolicited fitness-for-duty certifications over the next six months.

33. URSA/Defendant continued to refuse to restore Plaintiff to his position or an equivalent position.

34. Sometime in early 2021, URSA/Defendant formally terminated Plaintiff's employment relationship with Defendant.

35. 29 U.S.C. 2614(a)(1) states, "any eligible employee who takes leave . . . shall be entitled, on return from such leave – to be restored by the employer to the position of employment held by the employee when the leave commenced; or, to be restored to an equivalent position . . . ."

36. 29 U.S.C. 2615(a)(2) states, "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

37. By failing to restore Plaintiff to his position or an equivalent position, URSA/Defendant interfered with Plaintiff's rights pursuant to the FMLA.

38. Plaintiff has been damaged by URSA/Defendant's FMLA interference.

39. URSA/Defendant willfully violated the FMLA.

40. To remedy URSA/Defendant's violations of Plaintiff's rights, Plaintiff requests that this Court award Plaintiff compensatory damages for his lost wages and employment benefits with interest, liquidated damages in an amount equivalent to the foregoing compensatory damages, equitable relief, attorneys' fees, expert witness' fees, and costs.

## COUNT II – FMLA RETALIATION

41. Plaintiff restates each of the foregoing allegations set forth in Paragraphs 1-41, as if fully rewritten herein.

42. Pursuant to 29 U.S.C. 2601, *et seq.*, Plaintiff was eligible to take FMLA leave for his "serious health condition."

43. 29 U.S.C. 2615(a)(2) states, "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

44. Plaintiff exercised his FMLA rights by taking FMLA leave.

45. Plaintiff attempted to return to work from his FMLA leave, submitting four separate fitness-for-duty certifications between May 2019 and December 2019 to URSA/Defendant, and regularly communicating and corresponding with URSA/Defendant.

46. URSA/Defendant discriminated against Plaintiff for exercising his FMLA rights by refusing to restore Plaintiff to his position or an equivalent position, thereby denying Plaintiff the opportunity for compensation.

47. URSA/Defendant further discriminated against Plaintiff for exercising his FMLA rights by formally terminating Plaintiff in early 2021.

48. URSA/Defendant willfully violated the FMLA.

49. Plaintiff has been damaged by URSA/Defendant's FMLA interference.

50. To remedy URSA/Defendant's violations of Plaintiff's rights, Plaintiff requests that this Court award Plaintiff compensatory damages for his lost wages and employment benefits with interest, liquidated damages in an amount equivalent to the foregoing compensatory damages, equitable relief, attorneys' fees, expert witness' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands compensatory damages for his lost wages and employment benefits with interest, liquidated damages in an amount equivalent to the foregoing compensatory damages, equitable relief, attorneys' fees, expert witness' fees, and costs.

RESPECTFULLY SUBMITTED,

_____/s/ Corey J. Grimm___
**COREY J. GRIMM** (#0089473)
INGRAM, CASSESE, & GRIMM, LLP.
7330 Market Street
Youngstown, Ohio 44512
Telephone: 330.758.2308
Telecopier: 330.758.8290
Email: cgrimm@icglegal.com
ATTORNEY FOR PLAINTIFF

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

_____/s/ Corey J. Grimm___
**COREY J. GRIMM** (#0089473)
INGRAM, CASSESE, & GRIMM, LLP.
7330 Market Street
Youngstown, Ohio 44512
Telephone: 330.758.2308
Telecopier: 330.758.8290
Email: cgrimm@icglegal.com
ATTORNEY FOR PLAINTIFF

## INSTRUCTIONS FOR SERVICE

TO CLERK OF SAID COURTS:

Please issue a summons and a copy of this Complaint to all Defendants at the addresses listed in the caption by Certified Mail and make same returnable pursuant to the Ohio Rules of Civil Procedure.

                                         */s/ Corey J. Grimm*
**COREY J. GRIMM** (#0089473)
INGRAM, CASSESE, & GRIMM, LLP.
7330 Market Street
Youngstown, Ohio 44512
Telephone: 330.758.2308
Telecopier: 330.758.8290
Email: cgrimm@icglegal.com
ATTORNEY FOR PLAINTIFF

ELECTRONICALLY FILED
2021 May 07 PM 2:05
Anthony P. Vivo, CLERK OF COURT - MAHONING

IN THE COURT OF COMMON PLEAS
MAHONING COUNTY, OHIO

| | |
|---|---|
| Ralph Stoddard<br>223 Hamrock Dr.<br>Campbell, OH 44405<br><br>   Plaintiff,<br><br>v.<br><br>URSA Major Corporation d/b/a<br>URSA Logistics<br>P.O. Box 1166<br>Waukesha, WI 53187-1166<br><br>-and-<br><br>Evo Transportation and Energy Services<br>2075 W Pinnacle Peak Rd. Ste 130<br>Phoenix, AZ 85027-1218<br>   Defendants | CASE NO. 2021 CV 00737<br><br>JUDGE JOHN M. DURKIN<br><br><br>**AMENDED COMPLAINT**<br><br>- **FMLA INTERFERANCE**<br>- **FMLA RETALIATION**<br><br>**JURY DEMAND ENDORSED HEREON**<br><br>**INSTRUCTIONS FOR SERVICE** |

  NOW COMES Plaintiff Ralph Stoddard ("Plaintiff") by and through undersigned counsel, and states the following:

1. Plaintiff is an individual residing at 223 Hamrock Drive Campbell, Mahoning County, Ohio.

2. Defendant EVO Transportation and Energy Services, Inc. ("Evo") is a corporation operating in Mahoning County, Ohio.

3. Defendant EVO is the successor-in-interest to URSA Major Corporation d/b/a URSA Logistics ("URSA"), a trucking company that provides specialized contract transportation for the United States Postal Service.

4. In or around August 2017, Plaintiff entered into an employment relationship with Defendant URSA as a truck driver.

5. Plaintiff's job responsibilities primarily involved delivering mail from one United States Postal Service sorting facility to another USPS facility.

6. Because Plaintiff drove a commercial motor vehicle, Plaintiff was required to pass regular Department of Transportation ("DOT") physical examinations.

7. In or around February 2019, Plaintiff was diagnosed with hypertension.

8. Plaintiff was advised by his physician that he needed to do a medical leave of absence in order for him to undergo treatment for hypertension, a "serious health condition" pursuant to the FMLA.

9. From February 1, 2018 to February 1, 2019, Plaintiff worked more than 1,250 hours for URSA.

10. Plaintiff was eligible to take leave pursuant to the Family and Medical Leave Act ("FMLA").

11. In or around March 2019, URSA approved Plaintiff's request for FMLA leave from March of 2019 through May of 2019.

12. During Plaintiff's FMLA leave, Plaintiff was party to a minor motor vehicle accident.

13. Plaintiff advised URSA of the motor vehicle accident and further advised URSA that he was not injured, and he would be able to return to work on the expected date.

14. On or about May 15, 2019, Plaintiff obtained his fitness-for-duty certification and submitted it to URSA.

15. URSA refused to restore Plaintiff to his prior position or an equivalent position. Through the summer and fall of 2019, Plaintiff made various efforts to

communicate with URSA management and human resources department about his return to work, which were largely ignored.

16. Plaintiff's DOT regular physical examination needed to be completed by June 2019.

17. Accordingly, Plaintiff went for the DOT physical examination on June 4, 2019.

18. Plaintiff mailed the DOT physical examination certification to URSA.

19. Plaintiff attempted to contact URSA on multiple occasions for a work assignment/schedule.

20. URSA was unresponsive to Plaintiff's communications.

21. URSA refused to restore Plaintiff to his same position or to an equivalent position to the position he held prior to taking FMLA leave.

22. Sometime in early 2021, after refusing to restore Plaintiff's employment for a period of at least eight (8) months, eventually URSA formally terminated Plaintiff's employment relationship with URSA.

## COUNT I – FMLA INTERFERENCE

23. Plaintiff restates each of the foregoing allegations set forth in Paragraphs 1-23, as if fully rewritten herein.

24. Pursuant to 29 U.S.C. 2601, *et seq.*, Plaintiff was eligible to take FMLA leave for his "serious health condition."

25. URSA granted Plaintiff's request to take FMLA leave from February of 2019 until May of 2019.

26. Plaintiff first obtained a fitness-for-duty certification on or about May 15, 2019 and submitted it to URSA.

27. URSA refused to restore Plaintiff to his position or an equivalent position, claiming that Plaintiff needed to provide an additional fitness-for-duty certification because of his minor motor vehicle accident.

28. Pursuant to 29 CFR 825.312(b), "an employer may seek a fitness-for-duty certification only with regard to the particular health condition that caused the employee's need for FMLA leave."

29. By requiring a comprehensive fitness-for-duty certification, rather than a fitness-for-duty certification with regard to Plaintiff's hypertension, URSA interfered with Plaintiff's rights pursuant to the FMLA.

30. Plaintiff next obtained a comprehensive DOT physical exam on or about June 4, 2019 and submitted it to URSA.

31. URSA refused to restore Plaintiff to his position or an equivalent position, claiming that he had failed to comply with their request to receive a DOT certification and/or fitness-for-duty certification.

32. Plaintiff provided two additional, unsolicited fitness-for-duty certifications over the next six months.

33. URSA/Defendant continued to refuse to restore Plaintiff to his position or an equivalent position.

34. Sometime in early 2021, URSA/Defendant formally terminated Plaintiff's employment relationship with Defendant.

35. 29 U.S.C. 2614(a)(1) states, "any eligible employee who takes leave . . . shall be entitled, on return from such leave – to be restored by the employer to the position

of employment held by the employee when the leave commenced; or, to be restored to an equivalent position . . . ."

36. 29 U.S.C. 2615(a)(2) states, "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

37. By failing to restore Plaintiff to his position or an equivalent position, URSA/Defendant interfered with Plaintiff's rights pursuant to the FMLA.

38. Plaintiff has been damaged by URSA/Defendant's FMLA interference.

39. URSA/Defendant willfully violated the FMLA.

40. To remedy URSA/Defendant's violations of Plaintiff's rights, Plaintiff requests that this Court award Plaintiff compensatory damages for his lost wages and employment benefits with interest, liquidated damages in an amount equivalent to the foregoing compensatory damages, equitable relief, attorneys' fees, expert witness' fees, and costs.

## COUNT II – FMLA RETALIATION

41. Plaintiff restates each of the foregoing allegations set forth in Paragraphs 1-41, as if fully rewritten herein.

42. Pursuant to 29 U.S.C. 2601, *et seq.*, Plaintiff was eligible to take FMLA leave for his "serious health condition."

43. 29 U.S.C. 2615(a)(2) states, "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

44. Plaintiff exercised his FMLA rights by taking FMLA leave.

45. Plaintiff attempted to return to work from his FMLA leave, submitting four separate fitness-for-duty certifications between May 2019 and December 2019 to URSA/Defendant, and regularly communicating and corresponding with URSA/Defendant.

46. URSA/Defendant discriminated against Plaintiff for exercising his FMLA rights by refusing to restore Plaintiff to his position or an equivalent position, thereby denying Plaintiff the opportunity for compensation.

47. URSA/Defendant further discriminated against Plaintiff for exercising his FMLA rights by formally terminating Plaintiff in early 2021.

48. URSA/Defendant willfully violated the FMLA.

49. Plaintiff has been damaged by URSA/Defendant's FMLA interference.

50. To remedy URSA/Defendant's violations of Plaintiff's rights, Plaintiff requests that this Court award Plaintiff compensatory damages for his lost wages and employment benefits with interest, liquidated damages in an amount equivalent to the foregoing compensatory damages, equitable relief, attorneys' fees, expert witness' fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands compensatory damages for his lost wages and employment benefits with interest, liquidated damages in an amount equivalent to the foregoing compensatory damages, equitable relief, attorneys' fees, expert witness' fees, and costs.

RESPECTFULLY SUBMITTED,


       */s/ Corey J. Grimm*
**COREY J. GRIMM** (#0089473)
INGRAM, CASSESE, & GRIMM, LLP.
7330 Market Street
Youngstown, Ohio 44512
Telephone: 330.758.2308
Telecopier: 330.758.8290
Email: cgrimm@icglegal.com
ATTORNEY FOR PLAINTIFF


## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

       */s/ Corey J. Grimm*
**COREY J. GRIMM** (#0089473)
INGRAM, CASSESE, & GRIMM, LLP.
7330 Market Street
Youngstown, Ohio 44512
Telephone: 330.758.2308
Telecopier: 330.758.8290
Email: cgrimm@icglegal.com
ATTORNEY FOR PLAINTIFF


## INSTRUCTIONS FOR SERVICE

TO CLERK OF SAID COURTS:

{M0410058.1}

7

*2021 CV 00737*

Please issue a summons and a copy of this Complaint to all Defendants at the addresses listed in the caption by Certified Mail and make same returnable pursuant to the Ohio Rules of Civil Procedure.

                                                      */s/ Corey J. Grimm*
                                      **COREY J. GRIMM** (#0089473)
                                      INGRAM, CASSESE, & GRIMM, LLP.
                                      7330 Market Street
                                      Youngstown, Ohio 44512
                                      Telephone: 330.758.2308
                                      Telecopier: 330.758.8290
                                      Email: cgrimm@icglegal.com
                                      ATTORNEY FOR PLAINTIFF

# 2021 CV 00737 STODDARD, RALPH -vs- URSA MAJOR CORP et al JMD

- Case Type:
- Civil - Common Pleas
- Case Status:
- OPEN
- File Date:
- 05/03/2021
- DCM Track:
- 
- Action:
- OTHER CIVIL
- Status Date:
- 05/03/2021
- Case Judge:
- DURKIN, JOHN M.
- Next Event:

| All Information | Party | Docket | Financial | Receipt | Financial Dockets | Disposition | Additional Fields |

## Docket Information

| Date | Description | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|---|
| 05/03/2021 | DEPOSIT RECEIVED | DEPOSIT RECEIVED  Receipt: 451187  Date: 05/03/2021 | $35.00 | |
| 05/03/2021 | COMPLAINT FILED | COMPLAINT FILED  Receipt: 451187  Date: 05/03/2021 | $25.00 | |
| 05/03/2021 | LEGAL AID (TOSCV) FILED | LEGAL AID (TOSCV) FILED  Receipt: 451187  Date: 05/03/2021 | $26.00 | |
| 05/03/2021 | LEGAL NEWS | LEGAL NEWS  Receipt: 451187  Date: 05/03/2021 | $13.00 | |
| 05/03/2021 | COURT COMPUTER RESEARCH (CIVIL) | COURT COMPUTER RESEARCH (CIVIL)  Receipt: 451187  Date: 05/03/2021 | $6.00 | |
| 05/03/2021 | CLERK COMPUTERIZATION FEE (CIVIL) | CLERK COMPUTERIZATION FEE (CIVIL)  Receipt: 451187  Date: 05/03/2021 | $20.00 | |
| 05/03/2021 | CV-COURT MEDIATION PROGRAM | CV-COURT MEDIATION PROGRAM  Receipt: 451187  Date: 05/03/2021 | $40.00 | |
| 05/03/2021 | CV-SPECIAL PROJECTS FUND | CV-SPECIAL PROJECTS FUND  Receipt: 451187  Date: 05/03/2021 | $50.00 | |
| 05/03/2021 | CV-TECHNOLOGY FUND | CV-TECHNOLOGY FUND  Receipt: 451187  Date: 05/03/2021 | $10.00 | |
| 05/03/2021 | COMPLAINT FILED ELECTRONICALLY | COMPLAINT FILED ELECTRONICALLY WITH INSTRUCTIONS FOR SERVICE AND JURY DEMAND ::  :: On behalf of  Plaintiff: RALPH STODDARD :: Filed By: COREY J GRIMM | | Image |
| 05/04/2021 | SUMMONS, COPY OF COMPLAINT | SUMMONS, COPY OF COMPLAINT MAILED BY CERTIFIED MAIL TO DEFTS AT ADDRESSES ON COMPLAINT | $4.00 | |

| Date | Description | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|---|
| 05/04/2021 | CERTIFIED MAILER NUMBER P | Issue Date: 05/04/2021<br>Service: CIVIL SUMMONS<br>Method: (CP) CERTIFIED MAIL<br>Cost Per: $0.00<br><br>URSA MAJOR CORP<br>DBA URSA LOGISTICS<br>P.O. BOX 1166<br>WAUKESHA, WI 53187<br>Tracking No: 941472669904216707250<br><br>EVO TRANSPORTATION AND ENERGY SERVICES<br>2075 W. PINNACLE PEAK ROAD<br>SUITE 130<br>PHOENIX, AZ 85027<br>Tracking No: 941472669904216707251 | $15.52 | |
| 05/07/2021 | AMENDED COMPLAINT | AMENDED COMPLAINT<br>WITH INSTRUCTIONS FOR SERVICE AND JURY DEMAND :: :: On behalf of Plaintiff: RALPH STODDARD :: Filed By: COREY J GRIMM | | Image |
| 05/11/2021 | SUMMONS, COPY OF COMPLAINT | SUMMONS, COPY OF AMENDED COMPLAINT ISSUED TO DEFTS BY CERT MAIL TO ADDRESS IN WRIT INSTR | $4.00 | |
| 05/11/2021 | CERTIFIED MAILER NUMBER P | Issue Date: 05/11/2021<br>Service: CIVIL SUMMONS<br>Method: (CP) CERTIFIED MAIL<br>Cost Per: $0.00<br><br>URSA MAJOR CORP<br>DBA URSA LOGISTICS<br>P.O. BOX 1166<br>WAUKESHA, WI 53187<br>Tracking No: 941472669904216707435<br><br>EVO TRANSPORTATION AND ENERGY SERVICES<br>2075 W. PINNACLE PEAK ROAD<br>SUITE 130<br>PHOENIX, AZ 85027<br>Tracking No: 941472669904216707436 | $15.52 | |
| 05/14/2021 | SUCCESSFUL SERVICE | SUCCESSFUL SERVICE<br>  Method   : (CP) CERTIFIED MAIL<br>  Issued    : 05/04/2021<br>  Service  : CIVIL SUMMONS<br>  Served   : 05/11/2021<br>  Return   : 05/14/2021<br>  On       : URSA MAJOR CORP<br>  Signed By : UNKNOWN<br><br>  Reason   : (CP) SUCCESSFUL<br>  Comment  :<br><br>  Tracking #: 941472669904216707250 | | |

Court of Common Pleas, Mahoning County
120 Market Street
Youngstown, Ohio 44503

# SUMMONS ON COMPLAINT

Rule 4 Ohio Rules of Civil Procedure

----========*========------

Case No. 2021 CV 00737

| | | |
|---|---|---|
| RALPH STODDARD<br>223 HAMROCK DRIVE<br>CAMPBELL, OH 44405 | -vs- | URSA MAJOR CORP<br>DBA URSA LOGISTICS<br>P.O. BOX 1166<br>WAUKESHA, WI 53187 |

TO: **File Copy**
    Defendant

To the above named defendant(s):  (See attached complaint for additional parties)

    You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

    You are required to serve upon the plaintiff('s') attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this court within three (3) days after service on plaintiff(s) attorney.

    The name and address of the plaintiff('s') attorney is as follows:

        COREY J GRIMM
        7330 MARKET STREET
        BOARDMAN OH  44512

    If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

                ANTHONY VIVO
                Mahoning County Clerk of Courts

                May 4, 2021

                By: <u>N. Dascenzo</u>
                      Deputy Clerk

Summons issued to additional defendants:

    URSA MAJOR CORP
    EVO TRANSPORTATION AND ENERGY SERVICES